**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Six Continents Hotels, Inc., ) | | |
| a Delaware corporation and ) | | |
| Holiday Hospitality Franchising, Inc., ) | | |
| a Delaware corporation, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | No. 07 C 3012 | |
| ) | | |
| Hillside Hospitality, Inc., an Illinois corporation, ) | Hon. Amy J. St. Eve | |
| and North Star Trust Company, an Illinois ) | | |
| corporation, as Trustee under trust agreement ) | | |
| dated September 8, 2006, a/k/a ) | | |
| Trust No. 06-10072, ) | | |
| ) | | |
| Defendants. ) | | |

**JOINT INITIAL STATUS REPORT**

Plaintiffs, Six Continents Hotels, Inc. and Holiday Hospitality Franchising, Inc., together with Defendants, Hillside Hospitality, Inc. and North Star Trust Company, hereby submit this Joint Initial Status Report and respectfully state as follows:

**I.    The Nature of the Case**

    A.    Counsel of record for Plaintiffs are David M. Neff and Brian A. Audette of the law firm of DLA Piper US LLP, 203 North LaSalle Street, Suite 1900, Chicago, IL 60601. Mr. Neff will serve as the lead trial attorney.

    Counsel of record for Defendants are Michael J. Philippi and Kevin P. Shea of the law firm of Ungaretti & Harris, 3500 Three First National Plaza, Chicago, Illinois 60602. Mr. Philippi will serve as the lead trial attorney.

    B.    The bases for federal jurisdiction include Federal Question and Diversity of Citizenship. The Federal Question arises by operation of Plaintiffs' claim that Defendant violated the Lanham Act (15 U.S.C. §§ 1051, et. seq.). Jurisdiction based upon Diversity of Citizenship is appropriate given that Plaintiffs and Defendants are citizens of different States and Plaintiffs are seeking damages in excess of $75,000, exclusive of interest and costs, from Defendants. The statutory authority for federal jurisdiction is contained in 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and 28 U.S.C. §§ 1332, 1367 and/or 1338(b). Defendants are not challenging this Court's jurisdiction over Plaintiffs' Complaint.

C.  Plaintiffs have asserted eight (8) causes of action against Defendants.  The graveman of Plaintiffs' complaint is that Defendants were unjustly enriched through their use of Plaintiffs' Holiday Inn trade name at a hotel owned and operated by Defendants during the period September 18, 2006 through and including December 12, 2006.  Plaintiffs have alleged that they allowed Defendants to utilize the Holiday Inn trade name at Defendants' hotel during this period, and Defendants were required to compensate Plaintiffs for the use of the Holiday Inn trade name during this period.  Defendants deny that Plaintiffs have any claim against them for the period September 18, 2006 through December 12, 2006.

Plaintiffs have further alleged that Plaintiffs terminated Defendants' right to use their Holiday Inn trade name at Defendants' hotel on December 12, 2006, but Defendants nevertheless continued to hold their hotel out to the public as a Holiday Inn hotel, despite Plaintiffs' claim that they provided notice and request that Defendants de-identify the hotel by removing any remnants of Plaintiffs' Holiday Inn trade name.  Plaintiffs have also alleged that Defendants never held a license for the use of Plaintiffs' Holiday Inn trade name and Plaintiffs did not authorize Defendants to utilize their Holiday Inn trade name following December 12, 2006.  Defendants deny that they committed any wrongful conduct and deny that Plaintiffs have any claim against them for any period after December 12, 2006.

There have been no counterclaims asserted by Defendants against Plaintiffs.

D.  The major "factual" issues in the case include: (i) the parties' actions, communications and agreements (or lack thereof) regarding Defendants' use of Plaintiffs' Holiday Inn trade name at Defendants' hotel during the period September 18, 2006 through and including December 12, 2006; (ii) whether Defendants continued to hold their hotel out to the public as a Holiday Inn hotel following December 12, 2006; and (iii) whether Plaintiffs are entitled to damages from Defendants and, if so, the amount of those damages.

The major "legal" issues in the case include: (i) whether Plaintiffs have a viable unjust enrichment claim against Defendants in connection with Defendants' use of Plaintiffs' Holiday Inn trade name at Defendants' hotel during the period September 18, 2006 through and including December 12, 2006; and (ii) whether Defendants violated state and federal trade mark and unfair competition laws following December 12, 2006.

E.  Plaintiffs are seeking damages totaling no less than $129,520 on their unjust enrichment theory (Count I), which consist of the license fees that Plaintiffs claim should have been paid to them in connection with Defendants' use of Plaintiffs' Holiday Inn trade name during the period September 18, 2006 through and including December 12, 2006.

Plaintiffs are also seeking treble damages in an undermined amount from Defendants under state and federal trademark laws (Counts II – VIII) in connection with Defendants' use of Plaintiffs' Holiday Inn trade name at Defendants' hotel following December 12, 2006.

Plaintiffs also sought a preliminary and permanent injunction against Defendants, in which they requested that Defendants be enjoined from any further use of Plaintiffs' Holiday Inn trade name. Plaintiffs' request has been rendered moot by operation of the Agreed Order granting a permanent injunction against Defendants.

## II.    Pending Motions and Case Plan

A.    The only pending motion is Plaintiffs' motion to strike Defendants' affirmative defenses. Plaintiffs have alleged that Defendants' affirmative defenses do not meet the requirements of Federal Rules of Civil Procedure 8, 9 and 12.

B.    The parties do not expect a significant amount of discovery will be necessary. The parties expect that most of the discovery will consist of written and oral fact discovery. Plaintiffs expect that they might identify approximately three (3) potential witnesses and Defendants expect that they might identify approximately three (3) potential witnesses. The parties anticipate that they will be able to make their Rule 26(a)(1) disclosures by no later than August 24, 2007 and complete all written and oral fact discovery by no later than January 18, 2008. Although the parties do not anticipate the need for expert discovery, the parties nevertheless expect that, if the need arises, they will complete all such expert discovery no later than March 18, 2008 (with expert reports to be submitted no later than February 28, 2008). The parties anticipate that any dispositive motions will be filed no later than April 18, 2008

C.    The parties anticipate that they will be prepared for trial no later than May 29, 2008. The parties have not made a request for a jury trial and do not anticipate that a trial would last longer than three (3) days.

## III.    Consent to Proceed Before a Magistrate Judge

The parties do not consent unanimously to proceed before a Magistrate Judge.

## IV.    Status of Settlement Discussions

Other than the parties' resolution on the injunctive relief sought by Plaintiffs against Defendants, the parties have not yet had the opportunity to engage in any meaningful settlement discussions. The parties do request a settlement conference.

*(remainder of page intentionally left blank)*

Dated: August 9, 2007                                Respectfully submitted,

| | |
|---|---|
| **SIX CONTINENTS HOTELS, INC. and HOLIDAY HOSPITALITY FRANCHISING, INC.** | **HILLSIDE HOSPITALITY, INC. and NORTH STAR TRUST COMPANY** |
| By: /s/ Brian A. Audette<br>David M. Neff (ARDC #06190202)<br>Brian A. Audette (ARDC #06277056)<br>**DLA PIPER US LLP**<br>203 North LaSalle Street – Suite 1900<br>Chicago, Illinois 60610<br>(312) 368-4000 | By: /s/ Kevin P. Shea<br>Michael J. Philippi (ARDC #06188513)<br>Kevin P. Shea (ARDC #06243871)<br>**UNGARETTI & HARRIS**<br>3500 Three First National Plaza<br>Chicago, Illinois 60602<br>(312) 977-4400 |